EXHIBIT D

Request for Release to Home Confinement
and Subsequent
Administrative Remedy Request
(June 1, 2023)

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PR.

| TO: (Name and Title of Staff Member) 5852 Unit Team | DATE: June 1, 2023 |
|---|---|
| FROM: Imad Dawara | REGISTER NO.: 69939-066 |
| WORK ASSIGNMENT: Unicor | UNIT: 5852 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action be: taken. If necessary, you will be interviewed in order to successfully respond to your request.

This is a request for reconsideration to be released to home confinement pursuant t( the CARES Act of 2020. I spoke with Mr. Olson on May 8th of 2023, and he rejected m) request for CARES Act release due to a "violent offense", due to my conviction of Conspiracy to Commit Arson, in violation of 18 U.S.C. § 844(n). Recent Supreme Court rulings and the U.S. Sentencing Commission have redefined "crime of violence" to include the use of physical force, and "conspiracy" convictions such as mine, are considered inchoate and therefore are no longer considered "crimes of violence". Please accept my application for release to Home Confinement under the CARES Act of 2020. Thank you.

(Do not write below this line)

DISPOSITION:
A REVIEW OF YOUR CASE REVEALS YOU ARE CURRENTLY SERVING A 108 MO SENTENCE. CURRENTLY, YOU HAVE SERVED 40% OF YOUR FEDERAL SENTE A REVIEW OF YOUR PSI REVEALS YOU HAVE A CRIME OF VIOLENCE. ACCORDING TO A DIRECTIVE FROM THE U.S. ATTORNEY GENERAL, INMATES WHO HAVE NOT SERVED 50% OR MORE OF THEIR SENTENCE, AS WELL AS INMATES WITH CURRENT OR PRIOR VIOLENT OFFENSE, SHALL NOT RECEIVE CONSIDERATION FOR HOME CONFINEMENT PLACEMENT.

Signature Staff Member

Date 6/6/2023

Record Copy - File; Copy - Inmate
PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder

SECTION 6

OPI: LEGAL DEPARTMENT
Number: FTD 1330.18
Date: November 07, 2014
Attachment: 1

FCI FORT DIX, NEW JERSEY
INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9, you MUST ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date form issued and initials of Correctional Counselor: _JD_ 6/7/23

INMATE NAME: Imad Dawara
REGISTER NO.: 69939-066
BLDG.: 5852

Date the incident complained of occurred: June 6, 2023

Complaint and relief requested: This BP-8 is in response to the recent denial of my request for release to home confinement pursuant to the CARES Act of 2020 dated June 6, 2023. First, in that denial the unit team stated that I had only completed 40% of my federal sentence. This is a

[continued on attached]

**CORRECTIONAL COUNSELOR:**

Date BP-8 returned to Correctional Counselor: 06/13/2023

Efforts made to informally resolve and staff contacted: YOUR OFFENSE CONVICTION IS CATEGORIZED AS A CRIME OF VIOLENCE. THEREFORE YOU WERE DEEMED INAPPROPRIATE. AS A MAY 11, 2023 INMATES ARE NO LONGER BEING REFERRED FOR HOME CONFINEMENT UNDER THE CARES ACT.

Date response given to inmate: 6/27/23

_____ Counselor (sign)

Date BP-9 Issued: 6/27/23

_____ Unit Manager (sign)

If complaint is NOT informally resolved: forward original attached to BP-9 form to the Legal Assistant.

Dawara, Imad    -    Reg. 69939-066    -    BP-10 Attached Page

misrepresentation as no Good Time Credit ("GCT"), nor First Step Act ("FSA") credit was accounted for in that calculation. When accounting for GCT and FSA, I have completed <u>more than</u> 60% of my federal sentence. In unit team s denial, it is also stated that I was denied consideration because of a conviction of a "crime of violence." This is also factually inaccurate as a conspiracy charge is considered an "inchoate" offense, and therefore is <u>NOT</u> considered a violent conviction.

<u>REMEDY</u>: Please reconsider my application for release to home confinement pursuant to the CARES Act of 2020.

Date: 6-13-2023

Imad Dawara
Register #69939-066

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Dawara, Imad | 69939-066 | 5852 | FCI Fort Di[x] |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

This BP-9 is in response to Unit Team's denial of my BP-8, dated 6/27/2023. In that d[enial] my counselor states "Your offense is categorized as a crime of violence. Therefore you [are] deemed inappropriate." I contest and challenge this denial as crimes of "conspiracy", such as mine, are considered inchoate, and are therefore not deemed violent. In the re[cent] amendments to the United States Sentencing Guidelines, promulgated by the U.S. Senten[cing] Commission on May 7, 2023, a "crime of violence" must have the use, or threatened use [of] violence as a component of the crime in order for it to be classified as a "crime [of] violence". As conspiracy convictions are inchoate, they cannot be considered violent.

Second, as I am suffering greatly from emergent and severe medical problems, I [am] appropriate for release to home confinement in order to receive proper medical care for my bad health problems. I request immediate release from custody and sent home on ho[me] confinement for the remaining time on my custodial sentence.

**REMEDY:** Release me to home confinement so that I can seek my own medical care.

| 7-5-2023 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

                                                                                    CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____          _____
DATE                                       RECIPIENT'S SIGNATURE (STAFF MEMBER)

**DAWARA, Imad**
Register No. 69939-066
Remedy No. 1170112-F1

## Part B - Response

This is in response to your Request for Administrative Remedy, in which you request home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

A review of your case reveals you are a 43-year-old male serving a 108-month sentence for Conspiracy to Commit Arson and Conspiracy to Defraud the United States. You have a projected release date of July 6, 2026, via First Step Act Release.

In accordance with Program Statement 5110.17, Notification Requirements Upon Release of Sex Offenders, Violent Offenders, and Drug Traffickers, a crime of violence is defined as an offense that is a felony and has an element, the use, attempted use, or threatened use of physical force against the person or property of another; or that, by its nature involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Specifically, your charge for a violation of title 18 USC 844(N), Conspiracy to Commit Arson, is classified as a crime of violence under Program Statement 5162.05, Categorization of Offenses. This charge weighed against your suitability for Direct Home Confinement via the CARES Act. Additionally, the CARES Act is no longer applicable.

If extraordinary or compelling circumstances exist, you may apply for Compassionate Release/Reduction in Sentence through your Unit Team.

Based on the above referenced information, your request for administrative remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House-Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

_____
Andy Cruz
Acting Warden

_8/14/23_
Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**  JS
8/16/2

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Imad Dawara — 69939-066 — 5852 — FCI Fort Dix Wes
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL**

This BP-10 is in response to the denial of my BP-9 by Warden Andy Cruz, dated 8/14/2023. In that denial, Warden Cruz states that "[Y]our charge for a violation of title 18 USC 844(N), Conspiracy to Commit Arson, is classified as a crime of violence under Program Statement 5162.05 ... [t]his charge weighed against your suitability for Direct Home Confinement via the CARES Act." I am challenging the determination by the BOP that my inchoate "conspiracy" charge is violent, and argue that the BOP has made an erroneous determination that I have a past history of a violent offense. I further argue that BOP has wrongfully utilized an outdated definition of a violent offense in BOP Program Statement § 5162.05, and this erroneous "violent offender" designation has rendered me <u>ineligible</u> for placement on home confinement under the CARES Act. I further argue that BOP has violated my Fifth Amendment equal protection and due process rights by treating me differently than other similarly situated inmates without a rational basis for the distinct treatment.

[continued on attached]

8-25-2023
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Dawara, Imad   -   Reg. No. 69939-066   -   BP-10 Attached Page

When determining whether an "inchoate offense" such as Conspiracy to Commit Arson is a "crime of violence", it must be determined whether the underlying object of the crime must be completed as an element of the inchoate offense. Acts of conspiracy can include innocuous and nonviolent activities, and conspiracy charges do not necessarily have an element which includes the "use, attempted use, or threatened use of physical force," [Force Clause], also known as the "Elements Clause", and therefore are not "crimes of violence." In Taylor v. United States, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) the Supreme Court held that deciding courts must ignore the specific facts of the criminal and ask instead whether the elements of the crime are no broader than general terms. [Categorical Approach] The categorical approach made it difficult to predictably apply the "residual clause" as the clause itself references "conduct." The Supreme Court held that "The Residual Clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2558, 192 L. Ed. 2d 569 (2015). The Supreme Court struck down the Residual Clause definition of "crime of violence" as unconstitutionally vague. Conspiracy to Commit Arson is an inchoate offense and is therefore not a crime of violence. Congress did not define it as such, and the BOP has misinterpreted the law and inappropriately classified me as a violent offender.

As I am suffering greatly from emergent and severe heart conditions, which includes a heart attack on June 11, 2023, and three (3) subsequent emergency ambulance trips to Deborah Heart and Lung Center since that June 11th heart attack, I am "appropriate" for release to home confinement in order to receive proper medical care and treatment. Denying my placement on home confinement under the CARES Act due to a conviction of an inchoate conspiracy crime is a violation of my Fifth Amendment rights to equal protection under the law, and my due process rights for discrimination against me without a rational basis for this treatment.

REMEDY:  Place me on home confinement where I can seek more appropriate and timely medical treatment.

Date: 8-25-2023

Imad Dawara

OPI: LEGAL DEPARTMENT
Number: FTD 1330.18
Date: November 07, 2014
Attachment: 1

FCI FORT DIX, NEW JERSEY
INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9, you MUST ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date form issued and initials of Correctional Counselor: __JS__ 7/31/23

**INMATE NAME** Imad Dawara
**REGISTER NO.** 69939-066
**BLDG.** 5852

Date the incident complained of occurred: July 28, 2023

Complaint and relief requested: This BP-8 is to challenge the "Date Received" by the Administrative Remedy Coordinator on Administrative Remedy ID #1170112-F1. As noted on the "Date" field on the attached copy of the associated Request for Administrative Remedy, I completed that BP-9 and submitted it on July 5, 2023. [continued on attached]

**CORRECTIONAL COUNSELOR:**

Date BP-8 returned to Correctional Counselor: __JS__ 7/31/23

Efforts made to informally resolve and staff contacted: _____

_____

_____

_____

Date response given to inmate: _____    _____
                                          Counselor    (sign)

Date BP-9 Issued: _____    _____
                                       Unit Manager (sign)

If complaint is NOT informally resolved: forward original attached to BP-9 form to the Legal Assistant.

Dawara, Imad   -   Reg. No. 69939-066   -   BP-8 Attached Page

As policy states, the Warden's office then has 20 days to respond to the remedy request, but can take an additional 20 days, if necessary. On the 20th day (July 25, 2023) I met with my Unit Manager, Mr. Vogt. He looked into Sentry for a status update, but was unable to find the remedy ID # in the system. He informed me that it had not been put into the system yet, or that it had been rejected. On July 28, 2023 I received the attached "Receipt -Administrative Remedy" notice stating that my BP-9 had been received on July 26, 2023, twenty-one (21) days AFTER I had submitted the administrative remedy.

While I understand that my BP-9 could have been lost in the shuffle at the Warden's office, a loss of 21 days on an urgent, time-sensitive matter is greatly slowing the administrative remedy process, which is effectively blocking my access to the courts and delaying due process - rights afforded to my by the U.S. Constitution. Bureau of Prisons' program statement 1330.18 § 542.18 states "If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once for 20 days at the institution level."

My request is for the "Received Date" to be reset to July 5, 2023, and that the BOP now consider my administrative remedy to be in the 20 additional days afforded to the Warden's office by § 542.18.

REMEDY: (1) Reset the "received date" for Remedy ID #1770112-F1 to July 5, 2023; (2) consider the aforementioned Remedy to be in the "20 additional days" of the remedy process at the institution level; and, (3) change the final response due date, to include the original 20 days and the additional 20 days, to be August 15, 2023.

Date: 7-31-2023

Imad Dawara

```
                       RECEIPT - ADMINISTRATIVE REMEDY


DATE: JULY 28, 2023



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORT DIX FCI

TO  : IMAD DAWARA, 69939-066
      FORT DIX FCI    UNT: 13 RDAP     QTR: S02-193L



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 1170112-F1
DATE RECEIVED   : JULY 26, 2023
RESPONSE DUE    : AUGUST 15, 2023
SUBJECT 1       : OTHER SENTENCE COMPUTATION
SUBJECT 2       :
```