UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IMAD DAWARA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 23-21817 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |

Petitioner is a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to one count of conspiracy to commit arson and one count of conspiracy to defraud the United States. (*See* ECF 2 at 2). Petitioner received a sentence of 108 months on the conspiracy to commit arson conviction and sixty months imprisonment on the conspiracy to defraud the United States conviction to run concurrently to his 108-month sentence on the conspiracy to commit arson conviction. (*See id.* at 3). X

Petitioner raises two claims in this federal habeas petition. First, he claims that the Federal Bureau of Prisons ("BOP") is misinterpreting the definition of a "crime of violence" with respect to inchoate crimes such as conspiracy to commit arson and conspiracy to defraud the United States. (*See* ECF 1 at 6). Second, Petitioner claims that he will suffer irreparable harm if not released due to neglected medical care while in BOP custody. (*See id.*). More specifically, Petitioner claims that he reported symptoms of serious heart problems in October, 2022, but that the BOP neglected and delayed proper care leading to him suffering a heart attack in June, 2023.

(*See id.*). Petitioner requests that he immediately be sent to home confinement for the rest of his federal sentence. (*See id.* at 7).

Petitioner's habeas petition did not include an application to proceed *in forma pauperis* nor did it include a prepaid $5.00 filing fee. Therefore, this case is administratively terminated. *See* L. Civ. R. 54.3(a). Petitioner shall have the opportunity to reopen this action should he so choose.

Additionally, Petitioner has filed a motion for the appointment of pro bono counsel. (*See* ECF 3). Petitioner's motion for the appointment of pro bono counsel will be denied without prejudice. A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

In this case, Petitioner has not made a showing of indigency as he has not filed an application to proceed *in forma pauperis*. Thus, his pending motion for the appointment of pro bono counsel will be denied without prejudice.

Accordingly, IT IS on this 8th day of November, 2023,

ORDERED that Petitioner's motion for the appointment of pro bono counsel (ECF 3) is denied without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of a statute of limitations, and that if the case is reopened, it is not subject to a statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

ORDERED if Petitioner wishes to reopen this case, he shall so notify this Court in writing within thirty (30) days of the date of entry of this memorandum and order; Petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge