EXHIBIT A
Cop-Out to 5812 Unit Team
(June 1, 2023)

```
BP-A0148                    INMATE REQUEST TO STAFF CDFRM
JUNE 10
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISON
```

| TO: (Name and Title of Staff Member) 5852 Unit Team | DATE: June 1, 2023 |
|---|---|
| FROM: Imad Dawara | REGISTER NO.: 69939-066 |
| WORK ASSIGNMENT: Unicor | UNIT: 5852 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

This is a request for reconsideration to be released to home confinement pursuant to the CARES Act of 2020. I spoke with Mr. Olson on May 8th of 2023, and he rejected my request for CARES Act release due to a "violent offense", due to my conviction of Conspiracy to Commit Arson, in violation of 18 U.S.C. § 844(n). Recent Supreme Court rulings and the U.S. Sentencing Commission have redefined "crime of violence" to include the use of physical force, and "conspiracy" convictions such as mine, are considered inchoate and therefore are no longer considered "crimes of violence". Please accept my application for release to Home Confinement under the CARES Act of 2020. Thank you.

(Do not write below this line)

DISPOSITION: A REVIEW OF YOUR CASE REVEALS YOU ARE CURRENTLY SERVING A 108 MONTH SENTENCE. CURRENTLY, YOU HAVE SERVED 40% OF YOUR FEDERAL SENTENCE. A REVIEW OF YOUR PSI REVEALS YOU HAVE A CRIME OF VIOLENCE. ACCORDING TO A DIRECTIVE FROM THE U.S. ATTORNEY GENERAL, INMATES WHO HAVE NOT SERVED 50% OR MORE OF THEIR SENTENCE, AS WELL AS INMATES WITH CURRENT OR PRIOR VIOLENT OFFENSE, SHALL NOT RECEIVE CONSIDERATION FOR HOME CONFINEMENT PLACEMENT.

Signature Staff Member [signed]      Date 6/6/2023

Record Copy - File; Copy - Inmate
PDF                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER          **SECTION 6**

EXHIBIT B
BP-8 to Unit Counselor
(June 6, 2023)

```
                              OPI:  LEGAL DEPARTMENT
                              Number: FTD 1330.18
                              Date: November 07, 2014
                          Attachment: 1
```

## FCI FORT DIX, NEW JERSEY
## INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9, you <u>MUST</u> ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state <u>ONE</u> complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date form issued and initials of Correctional Counselor: _JD 6/7/23_

**INMATE NAME**  Imad Dawara
**REGISTER NO.**  69939-066
**BLDG.**  5852

Date the incident complained of occurred: _June 6, 2023_

Complaint and relief requested: This BP-8 is in response to the recent denial of my request for release to home confinement pursuant to the CARES Act of 2020 dated June 6, 2023 First, in that denial the unit team stated that I had only completed 40% of my federal sentence. This is a

[continued on attached]

**CORRECTIONAL COUNSELOR:**

Date BP-8 returned to Correctional Counselor: _06/13/2023_

Efforts made to informally resolve and staff contacted: YOUR OFFENSE CONVICTION IS CATEGORIZED AS A CRIME OF VIOLENCE. THEREFORE YOU WERE DEEMED INAPPROPRIATE. AS A MAY 11, 2023 INMATES ARE NO LONGER BEING REFERRED FOR HOME CONFINEMENT UNDER THE CARES ACT.

Date response given to inmate: _6/27/23_      _____
                                               Counselor (sign)

Date BP-9 Issued: _6/27/23_                    _____
                                               Unit Manager (sign)

If complaint is <u>NOT</u> informally resolved: forward original attached to BP-9 form to the Legal Assistant.

EXHIBIT C
BP-9 to Warden Cruz
(July 5, 2023)

RECEIVED
MAR -7 2024
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Dawara, Imad | 69939-066 | 5852 | FCI Fort Dix |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

This BP-9 is in response to Unit Team's denial of my BP-8, dated 6/27/2023. In that denial my counselor states "Your offense is categorized as a crime of violence. Therefore you were deemed inappropriate." I contest and challenge this denial as crimes of "conspiracy", as mine, are considered inchoate, and are therefore not deemed violent. In the recent amendments to the United States Sentencing Guidelines, promulgated by the U.S. Sentencing Commission on May 7, 2023 a "crime of violence" must have the use, or threatened use of violence as a component of the crime in order for it to be classified as a crime of violence. As conspiracy convictions are inchoate, they cannot be considered violent.

Secondly, as I am suffering great life-[illegible] and severe medical problems [illegible] "inappropriate" for release to home confinement in order to receive proper medical care for my ill health problems. I request immediate release from custody and sent home on home confinement for the remaining portion of my custodial sentence.

**REMEDY:** Release me to home confinement so that I can seek my own medical care.

7-3-2023  
DATE                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                              _____  
DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                      CASE NUMBER: _____

                                                    CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____  
DATE              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

EXHIBIT D
Response to BP-9
(August 14, 2023)

**DAWARA, Imad**
Register No. 69939-066
Remedy No. 1170112-F1

---

### Part B - Response

This is in response to your Request for Administrative Remedy, in which you request home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

A review of your case reveals you are a 43-year-old male serving a 108-month sentence for Conspiracy to Commit Arson and Conspiracy to Defraud the United States. You have a projected release date of July 6, 2026, via First Step Act Release.

In accordance with Program Statement 5110.17, <u>Notification Requirements Upon Release of Sex Offenders, Violent Offenders, and Drug Traffickers</u>, a crime of violence is defined as an offense that is a felony and has an element, the use, attempted use, or threatened use of physical force against the person or property of another; or that, by its nature involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Specifically, your charge for a violation of title 18 USC 844(N), Conspiracy to Commit Arson, is classified as a crime of violence under Program Statement 5162.05, <u>Categorization of Offenses</u>. This charge weighed against your suitability for Direct Home Confinement via the CARES Act. Additionally, the CARES Act is no longer applicable.

If extraordinary or compelling circumstances exist, you may apply for Compassionate Release/Reduction in Sentence through your Unit Team.

Based on the above referenced information, your request for administrative remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House-Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

_____
Andy Cruz
Acting Warden

8/14/23
Date

EXHIBIT E
Administrative Remedy Process
28 CFR § 542.18

## RESPONSE TIME §542.18

**If accepted, a Request or Appeal is considered filed on the date it is logged into the <u>Administrative Remedy</u> Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an <u>emergency</u> nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.**

The date a Request or an Appeal is received in the Administrative Remedy index is entered into SENTRY as the "Date Rcv", and should be the date it is first received and date-stamped in the Administrative Remedy Clerk's office. Notice of extension ordinarily is made via SENTRY notice.

## 13. REMEDY PROCESSING

a. **Receipt**. Upon receiving a Request or Appeal, the Administrative Remedy Clerk shall stamp the form with the date received, log it into the SENTRY index as received on that date, and write the "Remedy ID" as assigned by SENTRY on the form. Once a submission is entered into the system, any subsequent submissions or appeals of that case shall be entered into SENTRY using the same Case Number. The "Case Number" is the purely numerical part of the "Remedy ID" which precedes the hyphen and "Submission ID."

All submissions received by the Clerk, whether accepted or rejected, shall be entered into SENTRY in accordance with the SENTRY Administrative Remedy Technical Reference Manual.

Sensitive issues, when the inmate claims that his or her safety or well-being would be placed in danger if it became known at the institution that the inmate was pursuing the issue, should be withheld from logging in until answered and/or should be logged into SENTRY with sufficient vagueness as to subject code and abstract to accommodate the inmate's concerns.

A Request should be submitted and logged in at the institution where the inmate is housed at the time the inmate gives the Request to the counselor or other appropriate staff member. If the

progstat                                                          1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT F
BP-10 Administrative Remedy
(August 25, 2023)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitte with this appeal.

From: __Imad Dawara__ __69939-066__ __5852__ __FCI Fort Dix West__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

This BP-10 is in response to the denial of my BP-9 by Warden Andy Cruz, dated 8/14/2023. In that denial, Warden Cruz states that "[Y]our charge for a violation of title 18 USC 844(N), Conspiracy to Commit Arson, is classified as a crime of violence under Program Statement 5162.05 ... [t]his charge weighed against your suitability for Direct Home Confinement via the CARES Act." I am challenging the determination by the BOP that my inchoate "conspiracy" charge is violent, and argue that the BOP has made an erroneous determination that I have a past history of a violent offense. I further argue that BOP has wrongfully utilized an outdated definition of a violent offense in BOP Program Statement § 5162.05, and this erroneous "violent offender" designation has rendered me <u>ineligible</u> for placement on home confinement under the CARES Act. I further argue that BOP has violated my Fifth Amendment equal protection and due process rights by treating me differently than other similarly situated inmates without a rational basis for the distinct treatment.

[continued on attached]

__8-25-2023__  
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____ _____
DATE REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)  
JUNE 2002

Dawara, Imad    -    Reg. No. 69939-065    -    BP-10 Attached Page

When determining whether an "inchoate offense" such as Conspiracy to Commit Arson is a "crime of violence", it must be determined whether the underlying object of the crime must be completed as an element of the inchoate offense. Acts of conspiracy <u>can</u> include innocuous and nonviolent activities, and conspiracy charges do not necessarily have an element which includes the "use, attempted use, or threatened use of physical force," [Force Clause], also known as the "Elements Clause", and therefore are not "crimes of violence." In <u>Taylor v. United States</u>, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) the Supreme Court held that deciding courts must ignore the specific facts of the criminal and ask instead whether the elements of the crime are no broader than general terms. [Categorical Approach] The categorical approach made it difficult to predictably apply the "residual clause" as the clause itself references "conduct." The Supreme Court held that "The Residual Clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." <u>Johnson v. United States</u>, 576 U.S. 591, 135 S. Ct. 2558, 192 L. Ed. 2d 569 (2015). The Supreme Court struck down the Residual Clause definition of "crime of violence" as unconstitutionally vague. Conspiracy to Commit Arson is an inchoate offense and is therefore <u>not</u> a crime of violence. Congress did not define it as such, and the BOP has misinterpreted the law and inappropriately classified me as a violent offender.

As I am suffering greatly from emergent and severe heart conditions, which includes a heart attack on June 11, 2023, and three (3) subsequent emergency ambulance trips to Deborah Heart and Lung Center since that June 11th heart attack, I am "appropriate" for release to home confinement in order to receive proper medical care and treatment. Denying my placement on home confinement under the CARES Act due to a conviction of an inchoate conspiracy crime is a violation of my Fifth Amendment rights to equal protection under the law, and my due process rights for discrimination against me without a rational basis for this treatment.

<u>REMEDY</u>:   Place me on home confinement where I can seek more appropriate and timely medical treatment.

Date: 8-25-2023

_/s/ Imad Dawara_
Imad Dawara

EXHIBIT G
Extension of Time for Response
(January 2, 2024)

```
                EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY




DATE: JANUARY 2, 2024




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : IMAD DAWARA, 69939-066
      FORT DIX FCI    UNT: 13 RDAP    QTR: S01-364L



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 1170112-R1
DATE RECEIVED.  : AUGUST 31, 2023
RESPONSE DUE    : OCTOBER 30, 2023
SUBJECT 1       : OTHER SENTENCE COMPUTATION
SUBJECT 2       :
```

EXHIBIT H
BP-11 to BOP Central Office
(January 23, 2024)

# U.S. Department of Justice
## Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Imad Dawara** | **69939-066** | **5852** | **FCI Fort Dix West**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

## Part A - REASON FOR APPEAL

This BP-11 is submitted pursuant to BOP P.S. 1330.18 § 542.18, as the Northeast Regional Office has failed to respond to administrative remedy #1170112-R1. As evidenced by the attached "Extension of Time for Response", dated January 2, 2024, that office received my BP-10 on August 31, 2023, and gave me a response date of October 30, 2023, but never responded. I am considering the BP-10 denied and moving forward with this BP-11.

Per my BP-10, I am challenging the determination by the BOP that my inchoate "conspiracy" charge is violent, and argue that the BOP has made an erroneous determination that I have a past history of violence. I argue that BOP has wrongfully utilized an outdated definition of a violent offense in BOP Program Statement § 5162.05, and that this erroneous "violent offender" designation has rendered me <u>ineligible</u> for placement on home confinement under the CARES Act. I further argue that BOP has violated my Fifth Amendment equal protection and due process rights by treating me differently that other similarly situated inmates without a rational basis. Please review my BP-10 for more information.

<u>REMEDY</u>: Place me on home confinement where I can seek more appropriate medical treatment.

1-23-2024
DATE | SIGNATURE OF REQUESTER

## Part B - RESPONSE

7020 3160 0001 7673 1611

---

DATE | GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE | CASE NUMBER: _____

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION
SUBJECT: _____

DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002
USP LVN

EXHIBIT I
Rejection of BP-11 from Central Office

```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY

   DATE: FEBRUARY 12, 2024


   FROM: ADMINISTRATIVE REMEDY COORDINATOR
         CENTRAL OFFICE

   TO  : IMAD DAWARA, 69939-066
         FORT DIX FCI    UNT: 13 RDAP    QTR: S01-364L
         P.O. BOX 38
         JOINT BASE MDL,  NJ 08640


   FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
   IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
   OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


   REMEDY ID       : 1170112-A1     CENTRAL OFFICE APPEAL
   DATE RECEIVED   : JANUARY 29, 2024
   SUBJECT 1       : OTHER SENTENCE COMPUTATION
   SUBJECT 2       :
   INCIDENT RPT NO:

   REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                    ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR  A COPY
                    OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

   REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                    15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

   REJECT REASON 3: SEE REMARKS.

   REMARKS         : REGION PROVIDED RESPONSE 12-22-23. RESUBMIT WITH
                     BP-10 AND RESPONSE.
```

RECEIVED FEB 23 2024